# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUDOLPH POWELLS,

        Petitioner,

v.                                          Case No. 12-C-824

WILLIAM POLLARD,

        Respondent.

## ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS

The petitioner, a person incarcerated pursuant to a state court judgment, proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Following the petitioner consenting to the full jurisdiction of a magistrate judge, (Docket No. 3), the court screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. (Docket No. 4.) The court determined that it appeared that the petition was untimely, having been filed with the court 13 months after his conviction became final under 28 U.S.C. § 2244(d)(1)(A). (Docket No. 4.) Therefore, the court ordered the petitioner to show cause no later than September 25, 2012 as to why his petition should not be dismissed as untimely. (Docket No. 4.) On September 17, 2012, the petitioner filed a motion asking the court to either stay the proceedings and hold his petition in abeyance or allow him to voluntarily dismiss his petition to allow him to exhaust his remedies in state court. (Docket No. 6.) Because nothing else was filed with the court by its deadline, the court accepts this motion as the petitioner's response to the court's order to show cause.

When presented with a "mixed" petition, in that it contains both claims that the petitioner has exhausted in state court and those he has not, see Rose v. Lundy, 455 U.S. 509 (1982), the court generally cannot grant relief on any claim in the petition, 28 U.S.C. § 2254(b)(1)(A). The "stay and abeyance" procedure developed as a means for a court to allow a petitioner to return to state court to exhaust claims while avoiding being precluded from later seeking federal habeas relief due to the one-year statute of limitations, see 28 U.S.C. § 2244(d)(1), and limit of one federal habeas petition per conviction, see 28 U.S.C. § 2244(a)-(b). However, for stay and abeyance to be appropriate, the underlying petition must have been timely. If the petition was already untimely in that it was filed more than one year after the petitioner's conviction became final, staying the proceedings and holding the petition would be futile; it would do nothing more than delay an inevitable dismissal. See Ray v. Schwochert, 788 F. Supp. 2d 830, 832 (E.D. Wis. 2011) (noting that a "Wis. Stat. § 974.06 motion for post conviction relief does not give rise to a second one-year limitation period.")

Thus, the court need consider whether stay and abeyance is appropriate only if the court finds that the petition was timely or that there was a sufficient excuse for the untimeliness. Because the matter is before the court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court's review is less searching than it would be if the same question was presented to the court through a respondent's motion to dismiss. Thus, the court shall dismiss the petition at this stage only "[i]f it plainly appears from the petition and any attached exhibits that the" petition is untimely and the petitioner does not have an adequate excuse for his untimeliness. R. 4.

The petitioner's motion contains only limited discussion of the timeliness of his petition. He states "the Wisconsin Supreme Court denied his petition for review on May 10, 2011. Therefore, Powells had until August 8, 2012 on his one year under 28 U.S.C. § 2244(d)(1) to file his writ of habeas corpus." (Docket No. 6 at 1.) The balance of his seven-page motion is devoted to a

2

discussion of why he believes the court should stay the proceedings and hold his petition in abeyance as he exhausts his state court remedies.

The present petition was not filed until August 13, 2012, (Docket No. 1), and thus may initially appear untimely even under the petitioner's own calculations. But through the application of the "mailbox rule" whereby a petition of an incarcerated pro se litigant is deemed filed once it is placed in an institution's mail system, Jones v. Bertrand, 171 F.3d 499, 501-02 (7th Cir. 1999), and the petitioner's representation that he filed a motion for post-conviction relief in state court on August 2, 2012, (Docket No. 6 at 2) (the circuit court docket in Case No. 2007CF1714, available at http://wcca.wicourts.gov, states that this motion was not filed until September 17, 2012), which would stop the one-year clock from running, see 28 U.S.C. § 2244(d)(2), the petition plausibly was timely under the petitioner's calculations.

However, the petitioner's calculations are premised upon an error. He states that the Wisconsin Supreme Court denied review on May 10, 2011. (Docket No. 6 at 1; see also Docket No. 6-1 at 8.) This date is incorrect and is contradicted by the petitioner's own statement in his petition as well as the records of both the appellate and circuit courts. According to his petition, the Wisconsin Supreme Court denied his petition for review on April 12, 2011. (Docket No. 1, § II, B. 4.) A review of the state appellate court docket in accordance with Fed. R. Evid. 201 confirms that the petition for review was denied on April 12, 2011. See Appeal No. 2010AP000533-CR, available at http://wscca.wicourts.gov. The court has informed the petitioner of its intent to rely upon the records of the state court and gave the petitioner the opportunity to be heard. (Docket No. 4.) The circuit court docket also confirms this date. See Case No. 2007CF1714, available at http://wcca.wicourts.gov. Contrary to the instructions on the court form he utilized, (see Docket No. 1, § II. A.), the petitioner failed to attach to his petition a copy of the Wisconsin Supreme Court's

3

denial of his petition for review. Thus, the petitioner's new assertion that the Wisconsin Supreme Court denied review on May 10, 2011 is wholly without support.

The record before this court is clear that the Wisconsin Supreme Court actually denied review on April 12, 2011. Thus, the petitioner's conviction became final 90 days later when, on July 11, 2011, the deadline for the petitioner to seek review by the United States Supreme Court passed. See Sup. Ct. R. 13; Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002). Therefore, the petitioner had one year from that date in which to file a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1).

Not un-coincidentally, the petitioner dated his petition July 10, 2012 and completed the "certificate of inmate mailing" where he declared under penalty of perjury that he placed the petition into the prison mail system on that date. (Docket No. 1 at 13-14.) Thus, if the court was to believe the petitioner, under the prison mailbox rule, his petition might be timely. However, to be timely, the court would have to believe that it took over a month for the petition to make it from Waupun Correctional Institution to the court. In fact, according to the postmark on the envelope, the item was mailed on August 11, 2012, just two days before the court received it, and thus for the court to accept the petitioner's statement that he mailed his petition on July 11, 2012, the court would have to believe that it lingered in the prison mail system for a full month. Unfortunately, there is no independent notation indicating when the document was delivered to prison officials such as an institution's dated stamp, but based upon the court's regular and extensive experience with matters mailed from incarcerated individuals, the court finds the conclusion that it took a full month to make it from an inmate to the United States Postal Service to be wholly incredible. It is even completely inconsistent with the other actions in this case. The petitioner dated his form consenting to the jurisdiction of a magistrate judge August 29, 2012. (Docket No. 3.) It was received by the court on the other side of the Labor Day weekend on September 4, 2012. (Docket

4

No. 3.) The petitioner's present motion is dated, if it is to be believed, September 4, 2012. (Docket No. 6 at 7). The postmark on the envelope is September 13, 2012. The motion was received by the court on September 17, 2012. (Docket No. 6.) Thus, the court finds that the petition was not mailed until after July 11, 2012.

But this finding is not essential to the court's conclusion because the petitioner does not argue that his petition was timely under the prison mailbox rule. Instead, he bases his entire argument upon the false assertion that the Wisconsin Supreme Court denied review a month later than it actually did. It is the petitioner's burden to show that an exception to the one-year statute of limitations, such as the prison mailbox rule, applies, Ray, 788 F. Supp. 2d at 836 (citing Knox v. Cook County Sheriff's Police Dept., 866 F.2d 905, 907 (7th Cir. 1988), and the petitioner has failed to sustain this burden. The present petition was not filed until August 13, 2012, more than a month late. Even allowing for some reasonable leeway to account for delays in the mail, the petition was still untimely. The petitioner has failed to show cause why his petition should not be dismissed as untimely, and accordingly, pursuant to 28 U.S.C. § 2244(d)(1) and Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is hereby **dismissed**.

**IT IS FURTHER ORDERED** that in accordance with Rule 11 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2253(c)(2), the court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right and therefore the court denies the petitioner a certificate of appealability.

Dated at Milwaukee, Wisconsin this 28th day of September, 2012.

AARON E. GOODSTEIN
U.S. Magistrate Judge