UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUDOLPH POWELLS,

      Petitioner,

v.

      Case No. 12-CV-824-JPS

WILLIAM POLLARD,

      Respondent.    ORDER

Wisconsin state prisoner Rudolph Powells ("Powells"), proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Docket #1). Earlier proceedings in this case found that the limitation period set forth in 28 U.S.C. § 2244(d)(1)(A), as applied to Powells' course of direct appeal, expired on July 11, 2012 (Docket #12, 2), and the prison mailbox rule rendered the present petition timely because Powells appears to have lodged a postage disbursement request for his petition with prison officials on July 10, 2012. (*Id.*, 2-3).

Powells' petition concedes that his sixth and seventh grounds for relief (out of seven total) have not been exhausted in state court. Accordingly, respondent William Pollard moves to dismiss the petition in this case (Docket #1) for failure to exhaust state remedies unless Powells deletes his unexhausted claims. (Docket #17).[1]

A federal district court may not address the merits of constitutional claims raised in a federal habeas petition "unless the state courts have had a

---

[1] Powells asks the Court (Docket #19) to accept his belated brief in opposition (Docket #20) as timely-filed. Against the backdrop of the record in this case, the Court will grant the requested extension *nunc pro tunc* and consider Powells' opposition brief (Docket #20) timely-filed.

full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). In other words, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). In particular, "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner has the burden of establishing his compliance with the exhaustion requirement. *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971).

In *Rhines v. Weber*, the U.S. Supreme Court confronted "the problem of a 'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in state courts and some that have not." 544 U.S. 269, 271 (2005).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the U.S. Supreme Court held that "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines*, 544 U.S. at 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). *Rhines* confronted "the problem of a 'mixed' petition" in the post-AEDPA landscape:

> The enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions. AEDPA preserved *Lundy's* total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus…shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State"), but it also imposed a 1-year statute of limitations on

> the filing of federal petitions, § 2244(d). Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan*, 533 U.S., at 181-182, 121 S.Ct. 2120.
>
> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.
>
> . . .
>
> We recognize the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike. In an attempt to solve the problem, some district courts have adopted a version of the "stay-and-abeyance" procedure employed by the District Court below. Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

544 U.S. at 271 and 274-276.

After weighing various competing interests, the *Rhines* court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id.* at 277.

Powells submits that he commenced a collateral attack in state courts "on August 2, 2012." (Docket #20, 2). However, that would mean that Powells' collateral attack commenced *after* the § 2254 limitation period had

expired so no tolling accrues.[2] Given that the § 2254 limitation period has expired, if the Court dismisses Powells' mixed petition altogether pursuant to *Lundy* and 28 U.S.C. § 2254(b)(1)(A), any § 2254 petition subsequently re-filed by Powells would be untimely. Therefore, in accordance with the teachings of *Rhines*, the Court turns to whether there was good cause for Powells' failure to exhaust grounds six and seven in state court prior to filing his habeas petition.

Powells submits two potential bases for a finding of good cause: (i) "his appellate counsel was ineffective for failing to raise the [unexhausted] claims on his direct appeal" (Docket #20, 7); and (ii) Powells proceeds *pro se* (Docket #20, 8).

Failure of appellate counsel to raise Powells' present grounds six and seven in the course of direct appeal does not excuse, let alone provide good cause for, Powells' failure to promptly bring a collateral attack. More than a year lapsed between the time the Wisconsin Supreme Court denied review in the course of Powells' direct appeal and the filing of the present petition, s*ee* (Docket #12, 2), yet Powells simply did not act. His inaction is plainly insufficient to constitute good cause.

Moreover, "[m]ost courts…agree that the mere fact that a petitioner is acting *pro se* or lacks knowledge of the law does not establish 'good cause,' for the reason that virtually any prisoner could make this showing." *Johnson v. Huibregtse*, No. 07–cv–674, 2008 WL 4621345, *7 (W.D.Wis. March 14, 2008) (citing *Smith v. Giurbino*, No. 06cv700, 2008 WL 80983, *5 (S.D.Cal. Jan. 7,

---

[2]As noted *supra*, the limitation period set forth in 28 U.S.C. § 2244(d)(1)(A), as applied to Powells' course of direct appeal, expired on July 11, 2012. (Docket #12, 2).

2008); *Brummett v. Clark*, No. CIV S–07–0379, 2007 WL 1302503, *1 (E.D.Cal. May 1, 2007); *Johnson v. Sullivan*, No. CV04–7923ABC, 2006 WL 37037, *3 (C.D.Cal. Jan. 4, 2006)). This Court concurs and finds that Powells' *pro se* status does not provide a sufficient basis to establish good cause for failure to exhaust state court remedies.

Finding no sufficient basis to establish good cause for Powells' failure to exhaust grounds six and seven in state court, the Court is obliged to deny Powells' request to stay this case and hold his petition in abeyance.

At this juncture, if Powells wishes to proceed under § 2254, he must file a motion for miscellaneous relief requesting deletion of the unexhausted grounds (six and seven) from his federal habeas petition (Docket #1). Otherwise, the Court is obliged to and will dismiss his mixed petition altogether pursuant to *Lundy* and 28 U.S.C. § 2254(b)(1)(A).

Accordingly,

IT IS ORDERED that petitioner Rudolph Powells shall file not later than 20 days from the date of this order either: (i) a motion for miscellaneous relief requesting deletion of the unexhausted grounds (six and seven) from his federal habeas petition; or (ii) a voluntary dismissal of his petition altogether (which would effectively terminate his opportunity for relief under § 2254). If Powells fails to file such a submission in accordance with the deadline set forth above, his petition will be dismissed with prejudice and without further notice;

IT IS FURTHER ORDERED that Respondent's motion to dismiss (Docket #17) be and the same is hereby DENIED without prejudice; and

IT IS FURTHER ORDERED that Petitioner's motion (Docket #19), requesting his opposition brief (Docket #20) be treated as timely-filed, be and the same is hereby GRANTED *nunc pro tunc*; the Court hereby deems the petitioner's opposition brief (Docket #20) to be timely-filed.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge